## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DANIEL MCKAY,                          )
                                       )
        Petitioner,                  )
                                       )
    v.                                )      No. 4:24-cv-385-RHH
                                       )
DAVID VANDERGRIFF,                     )
                                       )
        Respondent.                  )

### <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Daniel McKay's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 11). For the reasons set forth below, the Court will summarily dismiss the petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

### Background and Petition

McKay is incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. He challenges his state court sentence and conviction in *State v. McKay*, No. 1011-CR02897 (11th Jud. Cir. 2010). In that case, the State charged McKay with two counts of distribution of a controlled substance and one count of unlawful possession of a firearm. A jury found McKay guilty on all counts. On May 21, 2012, the Circuit Court of St. Charles County sentenced him to two concurrent 20-year prison terms for selling controlled substances, and a concurrent seven-year term for unlawful possession of a firearm. McKay appealed and argued, among other things, that his right to speedy trial was violated because he was not brought to trial within 180 days after filing a request for disposition. *See State v. McKay*, No. ED98489 (Mo. Ct. App. 2012). The Missouri Court of Appeals denied most of McKay's points on appeal but remanded the case for

consideration of his speedy trial claim. *See State v. McKay*, 411 S.W.3d 295 (Mo. Ct. App. 2013). Following an evidentiary hearing, the trial court denied McKay's speedy trial claim on January 31, 2014. The appellate court affirmed the conviction on April 7, 2015. *See State v. McKay*, No. ED101042 (Mo. Ct. App. 2014).

During the same time period, on February 5, 2014, McKay filed a post-conviction motion on all but the remanded speedy trial claim. *See McKay v. State*, No. 1411-CC00114 (11th Jud. Cir. 2014). The motion court denied relief on August 28, 2015, and the Court of Appeals affirmed on August 23, 2016. *See McKay v. State*, No. ED103847 (Mo. Ct. App. 2016).

McKay filed a second post-conviction motion on May 26, 2015, alleging ineffective assistance of counsel on his speedy trial claim. *See McKay v. State*, No. 1511-CC00453 (11th Jud. Cir. 2015). The court dismissed the motion as successive on August 28, 2015. McKay appealed, arguing his motion could not be successive because he could not have raised the issue in his prior post-conviction motion. Following a decision by the Court of Appeals, the Missouri Supreme Court accepted transfer on November 1, 2016. *See McKay v. State*, No. SC95909 (Mo. 2016). On June 27, 2017, the Missouri Supreme Court concluded that McKay's second post-conviction motion was not successive and vacated the circuit court's dismissal. *See McKay v. State*, 520 S.W.3d 782 (Mo. 2017). The Supreme Court instructed the circuit court to treat the first and second post-conviction motions as one motion. The Supreme Court also directed the circuit court to appoint counsel for McKay and to allow him to file an amended motion.

The circuit court denied the amended motion on remand. The Court of Appeals affirmed the denial on May 7, 2019, and issued its mandate on May 29, 2019. *See McKay v. State*, ED106621 (Mo. Ct. App. 2018).

On March 13, 2024, McKay initiated this action by filing a document titled, "Petition for Writ of Mandamus Under Federal Rule 60." (ECF No. 1). The Court construed the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and ordered McKay to submit an amended petition on the Court-provided form. (ECF No. 8). The Court also directed him to show cause in writing why the case should not be dismissed as time barred. *Id*. McKay has since filed an amended petition and responded to the Court's Show Cause Order. (ECF No. 11).

### Discussion

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to federal habeas petitions challenging state court judgments. 28 U.S.C. § 2244(d)(1); *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). The limitation period begins to run from the latest of:

> (A) the date the judgment became final, either by the conclusion of direct review or the expiration of the time to seek such review;
> (B) the date on which any State-created impediment to filing, established in violation of the Constitution or federal law, was removed;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual basis of the claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A judgment becomes final for the purposes of § 2244(d)(1)(A) upon the conclusion of direct review, or upon the expiration of the time for seeking review in the state's highest court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review).

The one-year limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2). However, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) (citing *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). In other words, the limitations period is not tolled during the period between a judgment's finality date and the filing of an application for post-conviction or other collateral review. Brian R. Means, *Federal Habeas Manual* § 9A:63 (2023).

In this case, McKay argues that the state trial court lacked jurisdiction due to an alleged violation of his constitutional right to a speedy trial. He also claims to have discovered new evidence in the form of a Missouri Supreme Court transcript. However, he does not assert that any State-created impediment prevented him from filing his petition earlier, that he relies on a newly recognized constitutional right, or that he could not have discovered the factual basis for his claim sooner. Put another way, despite McKay's arguments regarding the waiver of jurisdiction and the strict compliance requirements of the Speedy Trial Act, these issues do not alter the applicability of the statute of limitations under § 2244(d)(1). As a result, the one-year limitations period began upon the conclusion of direct review of McKay's conviction.

As the Court explained in its prior order, the Missouri Court of Appeals affirmed McKay's conviction on April 7, 2015. Therefore, direct review concluded on April 22, 2015. *See Camacho*, 774 F.3d at 935. Even though McKay's post-conviction motions tolled the limitations period, those proceedings terminated on May 29, 2019, when the Missouri Court of Appeals issued its mandate affirming the trial court's denial of his motion to vacate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (holding that petitioner's petition, filed exactly one year after the issuance of the

4

mandate in his post-conviction case, was timely). McKay waited more than four years after his post-conviction review to file this action.

Further, while McKay's assertion of "newly discovered evidence" could, in theory, implicate § 2244(d)(1)(D)—which starts the limitations period on the date the factual basis of the claim could have been discovered through due diligence—he neither alleges nor demonstrates that he could not have discovered this evidence earlier despite reasonable diligence. Moreover, it is unlikely he could make such a showing, as the alleged "new" evidence consists of quotations from a 2017 Missouri Supreme Court transcript regarding the review of his own case.

For the foregoing reasons, McKay's petition is untimely under § 2244(d)(1).

### Conclusion

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must summarily dismissal a habeas petition if it plainly appears that the petitioner is not entitled to relief. Because it plainly appears from its face that this petition is untimely under § 2244(d)(1), and because McKay has not demonstrated any grounds for equitable tolling or other exceptions, the Court dismisses the petition under Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that Daniel McKay's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 11) is **DISMISSED**. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of June, 2025.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE